PETER L. CARR, IV (#256104)
pcarr@thePLClawgroup.com
NA'SHAUN L. NEAL (#284280)
nneal@thePLClawgroup.com
LAUREN K. MCRAE (#331296)
lmcrae@thePLClawgroup.com
PLC LAW GROUP, APC
3756 SANTA ROSALIA DR., SUITE  326
LOS ANGELES, CA 90008
TELEPHONE: (310) 400-5890
FACSIMILE:  (310) 400-5895
ATTORNEYS FOR PLAINTIFF ARMANDO VALENCIA MUÑOZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO VALENCIA MUÑOZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF COSTA MESA; BRIGHT BRISTOL STREET, LLC; OFFICER S. DEAN (P705); OFFICER K.A. SAPIDA (P699); OFFICER B.N. OSBORNE (P704); OFFICER S.BAKER (P967); OFFICER A. BROWN (P702); OFFICER C.M. MCMORRIS (P641); OFFICER J.W. CHARTIER (P615); DESIRE BOSTON; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-8740<br><br>**COMPLAINT FOR:**<br><br>1. Unreasonable Seizure – Excessive Force<br>2. Equal Protection Violation<br>3. First Amendment Retaliation<br>4. *Monell* Claim<br>5. Violation of the California Bane Act<br>6. Violation of the California Ralph Act<br>7. Violation of the California Unruh Act<br>8. Assault & Battery<br>9. Negligence<br>10. Intentional Infliction of Emotion Distress<br>11. Breach of Contract<br>12. False Arrest<br>13. Malicious Prosecution<br><br>**DEMAND FOR JURY TRIAL** |



## INTRODUCTION

This case challenges the abuse of discretion, unreasonable seizure, malicious prosecution, and negligence that deprived Plaintiff ARMANDO VALENCIA MUÑOZ of his federal and state rights as a registered guest of the Crowne Plaza Hotel in the City of Costa Mesa. PLAINTIFF complains of Defendants CITY OF COSTA MESA; BRIGHT BRISTOL STREET, LLC; OFFICER S. OFFICER DEAN (P705); OFFICER K.A. SAPIDA (P699); OFFICER B.N. OSBORNE (P704); OFFICER S.BAKER (P967); OFFICER A. BROWN (P702); OFFICER C.M. MCMORRIS (P641); OFFICER J.W. CHARTIER (P615) and DOES 1 through 20, inclusive, as follows:

## VENUE AND JURISDICTION

1.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988.  State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the City of Costa Mesa, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## CLAIMS STATUTE REQUIREMENT

2.     The subject incident giving rise to the instant action occurred on August 21, 2022. On February 17, 2023, Plaintiff filed a timely Governmental Claim for Damages with the City of Costa Mesa.

## PARTIES

3.     At all times in this Complaint, Plaintiff Armando Valencia Muñoz (hereinafter "Mr. Muñoz") was and is a resident of the State of California in the County of San Diego.  Mr. Muñoz is a Hispanic man.

4.     Defendant CITY OF COSTA MESA (hereinafter referred to as "CITY") is, and at all times in this Complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California;



and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COSTA MESA DEPARTMENT (hereinafter referred to as "Costa Mesa PD" or "CMPD") and its tactics, methods, practices, customs and usages.

5.     Defendant BRIGHT BRISTOL STREET, LLC, which owns and operates the upscale CROWNE PLAZA HOTEL brand (hereinafter collectively referred to as "HOTEL") is, and at all times in this Complaint was, an entity licensed to operate as a hotel operator in the State of California.

6.     Defendant OFFICER S. DEAN (P705), is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as a state actor or agent for CITY and at the direction and supervision of CITY.

7.     Defendant OFFICER K.A. SAPIDA (P699), is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as a state actor or agent for CITY and at the direction and supervision of CITY.

8.     Defendant OFFICER B.N. OSBORNE (P704), is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of her employment and also within her actual and apparent authority as a state actor or agent for CITY and at the direction and supervision of CITY.

9.     Defendant OFFICER S. BAKER (P967) is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of her employment and also within her actual and apparent authority as a state actor or agent for CITY and at the direction and



supervision of CITY.

10.     Defendant OFFICER A. BROWN (P702) is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of her employment and also within her actual and apparent authority as a state actor or agent for CITY and at the direction and supervision of CITY.

11.     Defendant OFFICER C.M. MCMORRIS (P641) is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of her employment and also within her actual and apparent authority as a state actor or agent for CITY and at the direction and supervision of CITY.

12.     Defendant OFFICER J.W. CHARTIER (P615) is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of her employment and also within her actual and apparent authority as a state actor or agent for CITY and at the direction and supervision of CITY.

13.     Defendant DESIRE BOSTON is, and at all times in this complaint was, an individual employed by HOTEL as a staff member, acting within the course and scope of her employment and within her actual and apparent authority as an agent for HOTEL and at the direction and supervision of HOTEL.

14.     At all relevant times mentioned herein and material hereto, the Defendant DOE 1 through 10 officers (collectively referred to as "DOE OFFICERS") described below engaged in law enforcement as police officers, sergeants, captains, lieutenants, and/or civilian employees, agents and representatives of Defendant CITY, duly employed as police officers by the Costa Mesa PD, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

15.     At all relevant times mentioned herein and material hereto, the Defendant



DOE 11 through 20 (collectively referred to as "HOTEL DOE EMPLOYEES") employees of the HOTEL, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

16.     PLAINTIFF is informed and believes and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1 through 20, inclusive, and each of them, are not now known to PLAINTIFF who, therefore, sues said Defendants by such fictitious names. PLAINTIFF will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

## FACTS COMMON TO ALL COUNTS

17.     Mr. Muñoz is a Hispanic male.

18.     On August 21, 2022 at approximately 1:00 in the morning, Mr. Muñoz and his daughter, aged fourteen, checked into the Crowne Plaza Hotel.

19.     When checking in, Mr. Muñoz provided identifying information including his MasterCard and hotel reward program membership, which allowed the hotel access to his home address, birthdate, and age.

20.     The front desk staff member, DESIRE BOSTON, called Costa Mesa Police Department and reported that Mr. Muñoz looked suspicious and had checked in with a fourteen-year-old.

21.     CITY CMPD OFFICER S. DEAN (P705) responded to the call. MS. BOSTON informed OFFICER DEAN that she looked for "Armando Muñoz" on the the "Megan's Law" website, meganslaw.ca.gov, where she saw the query associated with a registered sex offender.

22.     On information and belief, OFFICER DEAN confirmed the Megan's Law website entry relayed to him by MS. BOSTON. On information and belief, OFFICER DEAN did not ask the hotel staff if they had any additional identifying



1  information in their own database about Mr. Muñoz.

2  23.    "Muñoz" is one of the 100 most common surnames in California.[1] Meanwhile
3  "Armando" is one of the 300 most common first names in the United States,
4  according to the Decennial Census Survey.[2] The commonality of these names,
5  especially among Hispanic men, means that the name correlation alone is not enough
6  information to verify someone's identification.

7  24.    As of September 7, 2023, California's Megan's Law website holds two entries
8  under Armando Muñoz: Jose Armando Munoz, born on April 11, 1950, who is listed
9  as five-foot, five inches tall and 140 pounds with brown eyes and brown hair; and
10  Armando Carillo Munoz, born on February 22, 1954, who is listed as six-foot tall
11  and 190 pounds with brown eyes and black hair.[3]

12  25.    On August 21, 2022, Plaintiff Armando Valencia Muñoz was five-foot, eleven
13  inches tall, five-foot eleven inches, weighing 260 pounds with grey-black hair and
14  brown eyes. His date of birth is June 27, 1972.

15  26.    On information and belief, OFFICERS and HOTEL staff should have known
16  that Mr. Muñoz was not the "Armando Muñoz" listed on the sex offender registry
17  because of his age and physical characteristics differed from theirs.

18  27.    MS. BOSTON saw Mr. Muñoz and had the ability therefore could have
19  refuted that his physical characteristics matched the website descriptions. MS.
20  BOSTON and the HOTEL also had Mr. Muñoz birthdate and age on file from his
21  rewards program membership.

22  28.    On information and belief, OFFICER DEAN also ran the license plate of Mr.
23  Muñoz' registered vehicle at the hotel. On information and belief, OFFICER DEAN
24  did not review any information about the vehicle that would have alerted the officer
25  that Mr. Muñoz was not the same person on the Megan's Law website.

26  _____
[1] " "The MUNOZ surname in the USA," https://americansurnames.us/surname/munoz.
27  [2] "Most Common Male First Names in the United States," Name Census, https://namecensus.com/first-names/common-male-first-names/.
28  [3] California Megan's Law Website, State of California Department of Justice Office of the Attorney General, https://www.meganslaw.ca.gov/Search.aspx?l=munoz&f=Armando&streetNum=&streetName=&aptSuiteNum=&city=&zip=&r=#.



29.    On information and belief, OFFICER DEAN did not review the hotel video camera footage to verify whether Mr. Muñoz fit the physical description of the sex offender registrants on the Megan's Law website.

30.    If OFFICER DEAN, MS. BOSTON, CITY OFFICERS, or HOTEL staff had inquired further into Mr. Muñoz' identifying information when or before associating him with the Megan's Law entry, they would have been able to verify Mr. Muñoz' age, birthdate, height, weight, features, and residence.

31.    OFFICER DEAN requested additional units' assistance, and other officers soon arrived at the HOTEL.

32.    OFFICER DEAN was aware that he lacked probable cause to arrest Mr. Muñoz because the information obtained by his cursory search was insufficient to meet the threshold for probable cause and because he did not witness a crime. Therefore, OFFICER DEAN directed front desk HOTEL staff to call Mr. Muñoz in an attempt to get Mr. Muñoz out of his hotel room.

33.    The front desk HOTEL staff called Mr. Muñoz twice around 2:30 and 2:40 in the morning. Staff requested that Mr. Muñoz come downstairs to correct his payment information.

34.    Mr. Muñoz opened his hotel room door to see OFFICERS DEAN, J. CHAVEZ (P703), K.A. SAPIDA (P699), B.N. OSBORNE (P704), S. BAKER (P967), A. BROWN (P702), C.M. MCMORRIS (P641), J.W. CHARTIER (P615) and DOES 1 through 10. DEFENDANT OFFICERS yelled profanity and pointed their firearms at Mr. Muñoz.

35.    The OFFICERS directed Mr. Muñoz to get on the ground and lay on his stomach. Mr. Muñoz complied.

36.    OFFICERS MCMORRIS and BAKER handcuffed Mr. Muñoz using two pairs of handcuffs.

37.    OFFICERS entered Mr. Muñoz' hotel room and interviewed his daughter, a minor, without Mr. Muñoz' permission. She verified that she was Mr. Muñoz



daughter.

38.    SERGEANT CHARTIER arrived on scene and explained to Mr. Muñoz that he was being detained due to matching the description of a sex offender registrant.

39.    Mr. Muñoz provided officers his California Driver's License. After viewing it, OFFICERS checked Mr. Muñoz' record and found that his date of birth was associated with a clean criminal record.

40.    Mr. Muñoz incurred injuries including but not limited to: anxiety and stress as an effect of the trauma of public arrest and battery; humiliation consistent with the serious allegation of pedophilia due to mistaken identity by OFFICERS and HOTEL staff; fear of accompanying his own daughter in public given the negligent assumptions of OFFICERS and HOTEL staff.

41.    Defendants CITY and Defendant Officers owed Mr. Muñoz non-consensual duties set forth in California Penal Code Sections 118.1 (false police report): 148.5 (false report of a crime); 134 (preparing false evidence); 132 (offering false evidence); 182(1) (conspiracy to commit crime); 182(2) (conspiracy to obstruct justice); 832.5 (personnel complaint investigations required); and Gov. Code § 1031 (duty to investigate hires).

## FIRST CAUSE OF ACTION

**UNREASONABLE SEIZURE – EXCESSIVE FORCE (42 U.S.C. § 1983)**

**(Against Defendants Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615), and DOES 1-10, inclusive)**

42.    Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.  This cause of action arises under Title 42 United states Code, §1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

43.    As a result of the above described intentional acts and omissions of the



defendants, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

   a)    Defendant Officers conspired to trick Plaintiff into leaving his hotel room in order to circumvent the non-existence of probable cause to search;

   b)    Defendant Officers violently tackled Plaintiff to the ground;

   c)    Defendant Officers handcuffed Plaintiff;

   d)    Defendant Officers forced Plaintiff's minor child to endure police questioning without parental consent.

44.    As a result, Plaintiff endured pain and suffering, extreme mental and emotional distress, physical injuries, medical expenses, costs of suit and other pecuniary losses in an amount not yet ascertained.

45.    Plaintiff was not armed, did not commit any crime, posed no risk to Defendant Officers or others in the community, and did not actively resist at any point during the interaction.

46.    At no time during the incident did Plaintiff verbally threaten or attempt to punch, kick, or grab Defendant Officers or any other person.

47.    Defendant Officers' actions thus deprived Plaintiff of his right to be free from unreasonable seizures under the Fourth Amendment as applied to state actors by the Fourteenth Amendment.

48.    Each of the Defendant Officers were both personally involved and an integral participant in the violation of Mr. Muñoz' constitutional rights, because each officer was aware of unlawful actions of the other officer(s), did not object to these violations of Mr. Muñoz' rights, and participated in the violations by performing police functions.

49.    The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the



imposition of exemplary and punitive damages against the Defendant Officers, individually.

50.    Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### SECOND CAUSE OF ACTION

### EQUAL PROTECTION CLAUSE (42 US.C. § 1983)

### (Against all Defendants)

51.    Defendant Officers, as agents of the CMPD, an institution with a documented history, pattern, and practice of discriminating against non-white community members, including Hispanic men.

52.    Defendant Officers invidiously discriminated against Plaintiff by:

     a.    Depriving Plaintiff of his right to be free from unreasonable seizures by collectively using unreasonable force or failing to intervene during this constitutional violation, as recited above, because he is Hispanic; and

     b.    Depriving Plaintiff of his right to be free from racial animus during police contact by mocking Plaintiff as described in this complaint.

53.    Defendant Officers and HOTEL staff did not treat other similarly situated persons similarly, and the basis for their discriminatory conduct was the fact that Mr. Muñoz is Hispanic and has a Hispanic name.

54.    Throughout nearly the entirety of HOTEL staff and OFFICERS' interactions with Mr. Muñoz, they based their assessments of his identity upon his name

55.    By virtue of the foregoing, Defendants deprived Plaintiff of (a) equal protection of the law and (b) equal protection and immunities under the law, and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiff equal protection of the law and deprivation of liberty and property without due process of the law.

56.    As a direct proximate result of the foregoing, Plaintiff has been injured as set forth above.



57.    Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

**MUNICIPAL LIABILITY FOR UNLAWFUL CUSTOM AND PRACTICE**

**(42 U.S.C. § 1983)**

**(Against Defendant CITY)**

58.    Defendant CITY, is and at all times herein mentioned, has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Costa Mesa Police Department and its tactics, methods practices, customs and usages.

59.    At all times herein mentioned, Defendant Officers and each of them, were employees acting under the CITY and Costa Mesa Police Department's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace deputies in the employment of the CITY.

60.    The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant CITY and Costa Mesa Police Department include, but are not limited to:

   a) Defendants CITY and Costa Mesa PD had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, improper tactics and corruption by Costa Mesa



PD employees, including the individual Defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to ensure public safety and the protection of citizens' rights;

b) Defendant CITY and Costa Mesa PD refused to adequately discipline individual employees found to have committed similar acts of misconduct;

c) Defendant CITY and Costa Mesa PD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by CITY and Costa Mesa PD employees;

d) Defendant CITY and Costa Mesa PD reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by other CITY and Palm Springs PD employees;

e) Defendant CITY and Costa Mesa PD failed to adequately supervise the actions of employees under its control so as to avoid constitutional violations;

f) Defendant CITY and Costa Mesa PD failed to adequately train its employees so as to avoid constitutional violations;

g) Defendant CITY and Costa Mesa PD tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

h) Defendant CITY and Costa Mesa PD tacitly condones and encourages use of excessive force on citizens;

i) Defendant CITY and Costa Mesa PD tacitly condones and encourages private individuals to effectuate warrantless citizen's arrests despite lacking probable cause;



j)  Defendant CITY and Costa Mesa PD tacitly condones and encourages subjecting non-white Americans to discrimination and harassment; and

k)  Defendant CITY and Costa Mesa PD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by June 8, 2019, and thereafter, represented the unconstitutional policies, practices and customs of the CITY and Costa Mesa PD.

61.    The following are a list of incidents exemplifying the aforementioned policies, customs, practices and usages of Defendants CITY and CMPD:

a)  Between 2012 and 2017, the CMPD received sixty-four civilian complaints and eighty internal complaints and investigations.[4]

b)  Between 2016 and 2021, the CMPD received ninety civilian complaints, according to data collected by the California State Department of Justice.[5]

c)  In 2010, the city retained an outside investigator to look into allegations that CMPD officers were intimidating supporters of city council candidate Jim Righeimer.[6] In 2014, the Orange County District Attorney instigated a case against two private investigators allegedly retained by the CMPD Officer's Association to surveil city councilmembers prior to the November 2012 City Council election.[7]

---

[4] Michael Dunn, "Complaints/Shootings PRA," Subj: Records Request #590 (Cartwright), Muckrock.com, https://www.muckrock.com/foi/costa-mesa-3169/costa-mesa-ca-pd-citizen-complaints-40331/#comms, Accessed September 11, 2023.

[5] "Costa Mesa Police Department: Police Accountability," Police Scorecard, https://policescorecard.org/ca/police-department/costa-mesa, accessed September 11, 2023.

[6] Matt Coker, "Costa Mesa Cops Respond to Intimidation Claim by Supporters of Council Candidate Righeimer," OCWeekly, https://www.ocweekly.com/costa-mesa-cops-respond-to-intimidation-claim-by-supporters-of-council-candidate-righeimer-6456438/, accessed September 11, 2023.

[7] Matt Coker, "Boobs were Used to get Dirt on Costa Mesa City Councilman: Case AgainstCop Union P.I.s," OC Weekly, https://www.ocweekly.com/boobs-were-used-to-get-dirt-on-costa-mesa-city-councilman-case-against-cop-unions-pis-6456274/, accessed September 11, 2023.



d) Between 2008 and 2009, the president of the CMPD Officers' Association engaged in an affair with a citizen while on duty, resulting in lulls in and absences of police duty. Disciplinary action against the officer was ultimately revoked.[8]

e) Benito Acosta, a citizen of Mexican descent, filed a civil rights lawsuit against CITY after CMPD officers removed him from a podium during a public city meeting regarding the city's contract with Immigrations and Customs Enforcement in 2006. Acosta alleged that his First and Fourth Amendment Rights as well as his right to equal protection had been violated. *Acosta v. City of Costa Mesa, et al.*, SACV 06-0233 DOC (MLGx)

f) In 2013, Jeanne Manuga filed a civil rights action against the CMPD and the CITY for false imprisonment. Manunga v. Costa Mesa Police Dept., SA CV 13-1062 AG (RZ) (C.D. Cal. Aug. 1, 2013).

g) In 2015, Ivin Mood filed a civil rights complaint against CITY for false arrest, unreasonable detention, and negligence by CMPD. *Ivin Mood v. City of Costa Mesa, et al*., 8:15-cv-011540-SVW-KK.

h) In 2016, Roya Tabarzad filed a Complaint against defendants including CMPD officer Jonathan C. Tripps, complaining of false imprisonment, violation of 42 U.S.C. § 1985, and violationso f the Bane and Ralph Acts. *Roya Tabarzad v. Sephora USA, Inc., et al,* 30-2016-00869348.

---

[8] Kasia Hall and Teri Sforza, "Costa Mesa cop avoids punishment for on-duty affair with woman," Orange County Register, published June 20, 2012, accessed September 11, 2023.



i) In 2016, Costa Mesa Collective filed a lawsuit against the CITY after CMPD conducted an allegedly warrantless armed raid.[9]

j) In 2017, Arthur Lopez filed a lawsuit against the CITY for violations of his Fourth, Fifth, and Fourteenth Amendment rights by CMPD after a traffic stop occurring in 2015. *Lopez v. Costa Mesa Police Dept.,* 8:17-cv-00297.

k) In 2017, Juan Villeda filed a lawsuit against CITY and defendants David Selliva and Slawek Luczkiewicz alleging harassment and civil rights violations associated with his arrest in 2011. *Villeda v. City of Costa Mesa, et al,* 30-2017-00909844.

l) In 2022, David Carranza filed a lawsuit against the CITY for claims against CMPD including discrimination and excessive force after officers taunted and arrested him after responding to his call for service. *Carranza v. City of Costa Mesa, et al.,* 2:22-cv-03160.

m) In January 2023, an African American user posted a TikTok video of a Costa Mesa police officer attempting to coerce him into agreeing to a search of his vehicle by erroneously remarking that an officer can search a person's vehicle if the driver does not present their identification. In the video, the officer made several belittling and racially-charged statements.[10]

---

[9] Mary Carreon, "Costa Mesa Police Sued over Warrantless Raid of Costa Mesa Collective," OCWeekly, Published August 12, 2016, Accessed September 11, 2023 https://www.ocweekly.com/costa-mesa-police-sued-over-warrentless-raid-of-costa-mesa-collective-7420700/.

[10] Jessica De Nova, "Man Accuses Costa Mesa Officer of Racial Profiling After Heated Confrontation Shown in Viral TikTok," ABC7, https://abc7.com/costa-mesa-california-orange-county-tiktok/12743682/, Accessed September 11, 2023.



n) On February 19, 2021, CMPD officers Joe Lopez and Eric
Molina shot Jose David Valdez, spurring the Orange County
District Attorney's Office to investigate the officer-involved
shooting.[11]

62.     On information and belief, Defendant Officers attended training programs related to anti-discrimination prior to the incident with Plaintiff.

63.     On information and belief, Defendant Officers attending training programs related to use of force prior to the incident with Plaintiff.

64.     Despite receiving training designed to prevent the conduct described in this Complaint, Defendant Officers violated Plaintiff's constitutional rights as described in the Complaint.

65.     Prior to the incident, CITY knew prior to the incident, its training program was insufficient to prevent the type of conduct experience by Plaintiff but did nothing to prevent the conduct.

66.     The aforesaid policies, customs, practices and usages described in this Complaint were the moving force that caused Plaintiff to be subjected to unconstitutional policing by Defendant Officers on June 8, 2019.

67.     By reason of the aforesaid policies, customs, practices and usages, Plaintiff's First, Fourth and Fourteenth Amendments to the United States Constitution were violated.

68.     Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

///

///

---

[11] OCDA Report: Officer-Involved Shooting – Jose David Valdez," Orange County District Attorney's Office, November 30, 2022, accessed September 11, 2023, https://orangecountyda.org/press/ocda-report-officer-involved-shooting-jose-david-valdez/.



## FOURTH CAUSE OF ACTION

### VIOLATION OF BANE ACT (Cal. Civil Code §52.1)

### (Against All Defendants)

69.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

70.    As alleged herein, Defendant Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615), and DOES 1 through 10, inclusive, interfered by threats, intimidation, or coercion with the Plaintiff's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force and the right to be free from race discrimination.

71.    Each of the Defendant Officers were both personally involved and an integral participant in the violation of Mr. Muñoz' constitutional rights, because each officer was aware of unlawful actions of the other officers, did not object to these violations of Mr. Muñoz' rights, and participated in the violations by performing police functions, including meaningful participation in the needless use of force against Mr. Muñoz.

72.    The CITY is vicariously liable for the wrongful acts Defendant Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615), and DOES 1 through 10, inclusive, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

73.    As alleged herein, Defendant BOSTON and DOES 11 through 20, inclusive, interfered by threats, intimidation, or coercion with the Plaintiff's rights under state and federal laws and under the state and federal Constitution



including, without limitation, the rights to be free from false arrest, malicious prosecution, excessive force and race discrimination.

74.    The HOTEL is vicariously liable for the wrongful acts of Defendant BOSTON and DOES 11 through 20, inclusive, because as described above, they are HOTEL employees and their wrongful acts were within the scope of their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296-297 (1995).

75.    The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against the individual Defendants.

76.    As a direct and legal result of Defendants' acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, physical injuries, medical expenses, costs of suit, and other pecuniary losses in an amount not yet ascertained.

77.    Plaintiff also seeks attorney fees under this claim pursuant to California Civil Code § 52.1 (h).

## FIFTH CAUSE OF ACTION

### VIOLATION OF RALPH ACT (California Civil Code § 51.7)

### (Against All Defendants)

78.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

79.    As alleged herein, the Defendant Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615), and DOES 1 through 10,  inclusive, committed violent acts and threats of violence against the Plaintiff, an Hispanic, by:



a) Violently tackling Plaintiff to the ground on the sole basis of his bearing a set of common Hispanic names;

b) Handcuffing Plaintiff on the sole basis that he bears a set of common Hispanic names;

c) Invading Plaintiff's privacy and interviewing his minor child without his consent on the sole basis of Plaintiff bearing a common set of Hispanic names.

80.    Each of the Defendant Officers were both personally involved and an integral participant in the violation of Mr. Muñoz' constitutional rights, because each officer was aware of unlawful actions of the other officers, did not object to these violations of Mr. Muñoz' rights, and participated in the violations by performing police functions, including meaningful participation in the needless use of force against Mr. Muñoz.

81.    As alleged herein, Defendant BOSTON and DOES 11 through 20, inclusive, committed violent acts and threats of violence against the Plaintiff, an Hispanic, by:

a) Reporting Plaintiff to law enforcement – after Plaintiff checked into the hotel with his daughter – on the sole basis of his physical appearance and Hispanic name, which constitutes racial profiling;

b) Manipulating Plaintiff into vacating his room at the HOTEL in tandem with CMPD as CMPD attempted to circumvent probable cause requirements for searches.

82.    In doing the aforementioned acts and threats of violence, the Defendants were substantially motivated by the Plaintiff's race.

83.    The CITY is vicariously liable for the wrongful acts of Defendant Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615) and



DOES 1 through 10, inclusive, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

84.    The HOTEL is vicariously liable for the wrongful acts of Defendant DESIRE BOSTON and DOES 11 through 20, inclusive, because as described above, they are HOTEL employees and their wrongful acts were within the scope of their employment.

85.    The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against the individual Defendants.

86.    As a direct and legal result of the Defendants' acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, physical injuries, medical expenses, costs of suit, and other pecuniary losses in an amount not yet ascertained.

87.    Plaintiff also seeks attorney fees under this claim pursuant to California Civil Code § 52(b)(3).

### SIXTH CAUSE OF ACTION

### VIOLATION OF UNRUH ACT (Cal. Civil Code § 51)

### (Against Defendants HOTEL, DESIRE BOSTON and DOES 11 through 20, inclusive)

88.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

89.    "The Unruh Act was enacted to 'create and preserve a nondiscriminatory environment in California business establishments by "banishing" or "eradicating" arbitrary, invidious discrimination by such establishments.'" *Flowers v. Prasad*, 238 Cal.App.4th 930, 937 (2015). "Invidious discrimination



1    is the treatment of individuals in a manner that is malicious, hostile, or

2    damaging." *Javorsky v. Western Athletic Clubs, Inc.*, 242 Cal.App.4th 1386,

3    1404 (2015).

4    90.    As alleged herein, Defendant Desire Boston and DOES 11 through 20,

5    inclusive, subjected Plaintiff, an Hispanic man, to invidious discrimination by:

6          a) Discriminating against Plaintiff by reporting him to the

7             police despite not having witnessed a crime;

8          b) Discriminating against Plaintiff by reporting him to the

9             police despite his not matching descriptions of offenders

10            listed on the California Megan's Law Website;

11         c) Discriminating against Plaintiff by associating him with

12            identifiably different Hispanic men due to the correlation of

13            his name alone;

14         d) Participating in and enabling his wrongful imprisonment by

15            erroneously calling the police and Manipulating Plaintiff into

16            vacating his room at the HOTEL in tandem with CMPD as

17            CMPD attempted to circumvent probable cause requirements

18            for searches.

19   91.    In doing the aforementioned acts, the Defendants were substantially

20   motivated by the Plaintiff's race.

21   92.    The HOTEL is vicariously liable for the wrongful acts of Defendant

22   Desire Boston and DOES 11 through 20, inclusive, because as described above,

23   they are HOTEL employees and their wrongful acts were within the scope of

24   their employment.

25   93.    The conduct of the Defendants was willful, wanton, malicious, and done

26   with reckless disregard for the rights and safety of Plaintiff and therefore

27   warrants the imposition of exemplary and punitive damages against the

28   individual Defendants.

94.    As a direct and legal result of the Defendants' acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, physical injuries, medical expenses, costs of suit, and other pecuniary losses in an amount not yet ascertained.

95.    Plaintiff also seeks attorney fees under this claim pursuant to California Civil Code § 52(b)(3).

<u>**SEVENTH CAUSE OF ACTION**</u>

**ASSAULT AND BATTERY**

**(Against Defendants Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615), and DOES 1 through 10, inclusive)**

96.    Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

97.    On June 8, 2019, Defendant Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615), and DOES 1 through 10, inclusive, acting individually and in concert with other law enforcement agents, assaulted and battered Plaintiff by acts which included, but were not limited to:  unlawfully coercing Mr. Muñoz out of his HOTEL room; drawing their firearms and pointing them at Mr. Muñoz; tackling Mr. Muñoz; unlawfully handcuffing Mr. Muñoz.

98.    Each of the Defendant Officers were both personally involved and an integral participant in the assault and battery of Mr. Muñoz', because each officer was aware of unlawful actions of the other officers, did not object to these violations of Mr. Muñoz' rights, and participated in the violations by performing police functions, including meaningful participation in the needless use of force against Mr. Muñoz.



99.     Both prior to and during the time in which he was assaulted and battered, Mr. Muñoz did not commit a crime, was not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant Officers, nor to any other individual. When he was attacked, as described herein, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or ability to inflict bodily harm against any individual. Plaintiff cooperated with police when they asked him to submit to handcuffing.

100.    As a result of the above alleged conduct, Mr. Muñoz was placed in great fear of his life and physical well-being as well as fear for his daughter's life. Additionally, due to the wrongful, intentional and malicious acts of the Defendant Officers, Plaintiff has suffered and will continue to suffer extreme pain, humiliation and mental anguish.

101.    The aforementioned acts and omissions alleged herein were intended by each Defendant Officer to cause injury to Plaintiff, and were done with a conscious disregard for the rights and safety of Plaintiff, as the acts and omissions were willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

102.    Defendant CITY is liable under California Government Code Section 815.2(a) for Plaintiff's injuries proximately caused by the assault & battery committed by its employees, described above.

## EIGHTH CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

103.    Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

104.   Plaintiff is informed and believes and there upon alleges that Defendant Officers, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently using excessive and unreasonable physical force upon the person of Plaintiff, when the same was unnecessary and unjustified, negligently subjecting Plaintiff to invidious race discrimination and negligently failing to intercede when fellow Defendant Officers violated Plaintiff's constitutional rights. All of these negligent acts proximately caused severe injuries to Plaintiff, as described herein.

105.   Additionally, Plaintiff is informed and believes and there upon alleges that Defendants Desire Boston and DOES 11 through 20, inclusive, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently subjecting Plaintiff to false imprisonment, negligently revoking Plaintiff's HOTEL reservation accommodations, negligently subjecting Plaintiff to invidious race discrimination, negligently supervising HOTEL staff, negligently failing to discipline HOTEL staff for discriminatory conduct, negligently training HOTEL staff regarding anti-discrimination. All of these negligent acts proximately caused severe injuries to Plaintiff, as described herein.

106.   As a result of these acts and omissions, Mr. Muñoz was placed in great fear of his life and physical well-being, and has suffered and will continue to suffer serious pain and severe mental anguish.

107.   The CITY is vicariously liable for the wrongful acts of Defendant Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615), and DOES 1 through 10, inclusive, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for



injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

108.    The HOTEL is vicariously liable for the wrongful acts of Defendant Desire Boston, and DOES 11 through 20, inclusive, because as described above, they are HOTEL employees and their wrongful acts were within the scope of their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296-297 (1995).

## NINTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (Against All Defendants)

109.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

110.    Defendant Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615), and DOES 1 through 10, inclusive, while working for the CITY as PSPD employees and acting within the course and scope of their duties, caused Mr. Muñoz severe emotional distress on August 21, 2022 when:

   a) Depriving Plaintiff of his right to be free from unreasonable seizures by coercing him to exit his HOTEL room despite lacking the probable cause to do so, and by attempting to circumvent the probable cause requirement designed to protect Plaintiff's constitutional rights;

   b) Depriving Plaintiff of his right to be free from unreasonable seizures by collectively using unreasonable force or failing to intervene during this constitutional violation, as recited above, because he is Hispanic;



1         c) Depriving Plaintiff of his right to be free from racial animus

2           during police contact by mocking Plaintiff, as described in this

3           complaint; and

4         d) Subjecting Plaintiff to unlawful detention and subjecting

5           Plaintiff's daughter to improper questioning without parental

6           consent of the Plaintiff.

7    111.  Defendants Desire Boston and DOES 11 through 20, inclusive, while

8  working for the HOTEL as employees and acting within the course and scope of

9  their duties, caused Mr. Muñoz severe emotional distress on August 21, 2022

10  when:

11         a) Discriminating against Plaintiff by reporting him to the

12           police despite not having witnessed a crime;

13         b) Discriminating against Plaintiff by reporting him to the

14           police despite his not matching descriptions of offenders

15           listed on the California Megan's Law Website;

16         c) Discriminating against Plaintiff by associating him with

17           identifiably different Hispanic men due to the correlation of

18           his name alone;

19         d) Participating in and enabling his wrongful imprisonment by

20           erroneously calling the police and Manipulating Plaintiff into

21           vacating his room at the HOTEL in tandem with CMPD as

22           CMPD attempted to circumvent probable cause requirements

23           for searches.

24    112.  The  conduct was outrageous and done so to cause Mr. Muñoz' emotional

25  distress or acted with reckless disregard to the probability that Mr. Muñoz would

26  suffer emotional distress.

27

28



113.  As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

114.  Defendants' conduct was a substantial factor in causing Mr. Muñoz' severe emotional distress. As a direct and proximate cause of Defendants' actions and inactions, individually and officially, Mr. Muñoz suffered and continues to suffer serious physical pain and injuries for which he is entitled to recover damages. Moreover, due to the foregoing acts and omissions of each of these Defendants, Plaintiff has suffered and will continue to suffer severe mental anguish and emotional distress.

115.  In doing the aforementioned acts, Defendants' conduct was intentional, outrageous, malicious, and done for the specific purpose of causing Plaintiff to suffer extreme emotional and physical distress, fear, anxiety, and mental anguish, entitling Plaintiff to an award of exemplary and punitive damages as to the individual Defendants.

116.   The CITY is vicariously liable for the wrongful acts of Defendant Officers Dean (P705), K.A. Sapida (P699), B.N. Osborne (P704), S. Baker (P967), A. Brown (P702), C.M. McMorris (P641), J.W. Chartier (P615), and DOES 1 through 10, inclusive, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

117.   The HOTEL is vicariously liable for the wrongful acts of Defendant Desire Boston and DOES 11 through 20, inclusive, because as described above, they are HOTEL employees and their wrongful acts were within the scope of their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296-297 (1995).



1

## TENTH CAUSE OF ACTION

2

### BREACH OF CONTRACT

3

**(Against Defendant HOTEL)**

4   118.   Plaintiff incorporates by reference each and every allegation contained in the

5   foregoing paragraphs, as well as any subsequent paragraphs contained in the

6   Complaint, as if fully set forth herein.

7   119.   Plaintiff entered into a valid contract with Defendant HOTEL, when he paid

8   approximately $134 to reserve a room at HOTEL on August 21, 2022. Plaintiff did

9   everything required by the contract.

10  120.   On August 21, 2022, Defendant HOTEL breached the abovementioned

11  contract, by racially profiling, reporting, and participating in the unlawful detention

12  of Plaintiff on account of his race.

13  121.   As a result, Plaintiff endured pain and suffering, extreme mental and

14  emotional distress, physical injuries, medical expenses, costs of suit and other

15  pecuniary losses in an amount not yet ascertained. Defendant HOTEL's breach of

16  contract was a substantial factor in causing Plaintiff's harm.

17

## ELEVENTH CAUSE OF ACTION

18

### FALSE ARREST

19

**(Against Defendants HOTEL, Desire Boston, and DOES 11 through 20,**

20

**inclusive)**

21  122.   Plaintiff incorporates by reference each and every allegation contained in the

22  foregoing paragraphs, as well as any subsequent paragraphs contained in the

23  Complaint, as if fully set forth herein.

24  123.   Defendants Desire Boston and DOES 11 through 20, inclusive, intentionally

25  caused Plaintiff to be arrested on August 21, 2022 without a warrant.

26  124.   As a result, Plaintiff endured pain and suffering, extreme mental and

27  emotional distress, physical injuries, medical expenses, costs of suit and other

28



1  pecuniary losses in an amount not yet ascertained. Defendants' aforesaid conduct

2  was a substantial factor in causing Plaintiff's harm.

3  125.   The HOTEL is vicariously liable for the wrongful acts of Defendant

4  Desire Boston and DOES 11 through 20, inclusive, because as described above,

5  they are HOTEL employees and their wrongful acts were within the scope of

6  their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12

7  Cal.4th 291, 296-297 (1995).

8  **TWELVTH CAUSE OF ACTION**

9  **MALICIOUS PROSECUTION**

10  **(Against Defendants HOTEL, Desire Boston, and DOES 11 through 20)**

11  126.   Plaintiff incorporates by reference each and every allegation contained in the

12  foregoing paragraphs, as well as any subsequent paragraphs contained in the

13  Complaint, as if fully set forth herein.

14  127.   Defendants Desire Boston and DOES 6-10, inclusive, were actively involved

15  causing Plaintiff to be detained as a sex offender. With knowledge there was no

16  probable cause to believe that Plaintiff was a sex offender, Defendants Desire

17  Boston and DOES 11 through 20, inclusive, sought out CMPD and falsely reported

18  that Plaintiff was a sex offender.

19  128.   As a direct and proximate of Defendants' malicious prosecution, Plaintiff

20  endured pain and suffering, extreme mental and emotional distress, physical

21  injuries, medical expenses, costs of suit and other pecuniary losses in an amount

22  not yet ascertained.

23  129.   The HOTEL is vicariously liable for the wrongful acts of Defendant

24  Desire Boston and DOES 11 through 20, inclusive, because as described above,

25  they are HOTEL employees and their wrongful acts were within the scope of

26  their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12

27  Cal.4th 291, 296-297 (1995).

28



**PRAYER**

Wherefore, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

1.  For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2.  For special damages according to proof;

3.  For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;

4.  For prejudgment interest;

5.  For attorney's fees pursuant to 42 U.S.C. § 1988 & California Civil Code §§ 52.1(h) and 52(b)(3);

6.  For reasonable costs of this suit incurred herein;

7.  For such other and further relief as the Court may deem just, proper and appropriate.


Dated: October 16, 2023          **PLC LAW GROUP, APC**


/s/Na'Shaun L. Neal
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiff
Armando Valencia Muñoz



## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a trial by jury on all issues and claims.

Dated: October 16, 2023                    **PLC LAW GROUP, APC**

/s/Na'Shaun L. Neal
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiff
Armando Valencia Muñoz



-31-
COMPLAINT